IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY KELLY, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 2:25-cv-363-RAH-SMD |
| MAX FEDERAL CREDIT UNION, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 12, 2025, pro se plaintiffs Gregory Kelly and Annette Kelly (collectively, "the Kellys"), who are frequent pro se litigants in this Court,[1] filed a seventy-two-page complaint against four Defendants—Max Federal Credit Union, Barbara Starr, Martin Head, and Mike Hard—alleging twenty-four claims including constitutional violations, federal statutory violations, and "multiple violations of various state laws." Compl. (Doc. 1) pp. 1-2.

Upon review of the complaint, the undersigned finds that it is a nonsensical shotgun pleading. Therefore, the undersigned recommends that the Court *sua sponte* dismiss the complaint. The undersigned further recommends that because amendment is futile, the Kellys not be afforded an opportunity to amend prior to dismissal.

---

[1] On May 21, 2025, after the filing of this complaint, the Court declared Gregory Kelly a vexatious litigant due to his repeated filing of shotgun pleadings and ordered that any future shotgun pleadings he filed be summarily dismissed. *Kelly v. Montgomery Water Works & Sanitary Sewer Bd.*, 2:24-cv-348-RAH-JTA, Order (Doc. 52) (M.D. Ala. May 21, 2025). Because Annette Kelly has not yet been declared a vexatious litigant and because this case was filed before Gregory Kelly was declared a vexatious litigant, the undersigned will conduct a full review of the complaint.

**I.     JURISDICTION**

This Court has federal question jurisdiction over the Kellys' claims arising under federal law. 28 U.S.C. § 1331. While it is virtually impossible to determine the factual basis of the state law claims, this Court should exercise its supplemental jurisdiction over those claims as it appears that the claims, while frivolous, arise from the same case or controversy as the federal claims. 28 U.S.C. § 1367.

**II.     LEGAL STANDARD**

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to file a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, a pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (a complaint does not suffice under Rule 8(a) "if it tenders naked assertion[s] devoid of further factual enhancement.") (internal quotations omitted). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015). Factual allegations that are merely consistent with a defendant's liability are not facially plausible. *Id.*

Complaints that violate Rule 8(a)(2) are often referred to as "shotgun pleadings." In essence, "[a] shotgun pleading is one that lacks the minimum clarity, brevity, or coherence"

required by the Federal Rules. *Webb v. Miami-Dade Cnty. Gov't*, 2023 WL 7299859, at *2 (S.D. Fla. Nov. 6, 2023). If "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," the complaint is a shotgun pleading. *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has recognized four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate "into a different count each cause of action or claim for relief"; and (4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). Regardless of the category, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*.

Shotgun pleadings are "roundly, repeatedly, and consistently condemn[ed]." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001) (stating "shotgun pleadings wreak havoc on the judicial system" and "consume an inordinate amount of a court's time"). The Eleventh Circuit shows "little tolerance for shotgun pleadings," even when the plaintiff proceeds pro se. *See, e.g.*, *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (quoting *Vibe*

3

*Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)); *Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 771 (11th Cir. 2020); *Blochowicz v. Wilkie*, 2020 WL 5028224, at *3 (S.D. Ga. Aug. 25, 2020) (noting that the court "takes a dim view of shotgun pleadings"). District courts "have the inherent authority to dismiss a complaint on shotgun-pleading grounds." *Sarhan*, 800 F. App'x at 772; *Gendron v. Connelly*, 2023 WL 3376577, at *1 (11th Cir. May 11, 2023) (noting a district court can dismiss a complaint on shotgun pleading grounds under its inherent authority to control its docket). Generally, prior to dismissing a complaint with prejudice on shotgun pleading grounds, a court must give a pro se plaintiff an opportunity to amend. *Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180, 183 (11th Cir. 2019) ("We agree that a district court generally must permit a pro se plaintiff to amend his or her complaint at least once before *sua sponte* dismissing claims on shotgun pleading grounds.").

Federal courts liberally construe pro se pleadings, *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), and hold them to a less stringent standard than pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency, however, does not give a court "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Williams, Scott & Assocs. LLC v. United States*, 838 F. App'x 501, 501 (11th Cir. 2021) (per curiam). A court should dismiss a pro se complaint without providing leave to amend "where amendment would be futile"—i.e., where the complaint as amended would still be subject to dismissal. *Stringer v. Jackson*, 392 F. App'x 759, 760 (11th Cir. 2010); *Smith v. Hildebrand*, 244 F. App'x 288, 290 (11th Cir. 2007). Notably, a court has the inherent power to dismiss frivolous suits without giving

4

notice to the parties. *Davis v. Kvalheim*, 261 F. App'x 231, 234-35 (11th Cir. 2008) (per curiam) (finding no abuse of discretion by district court that *sua sponte* dismissed 140-page complaint as frivolous because allegations were clearly baseless and without arguable merit in fact); *Nezbeda*, 789 F. App'x at 183 (holding that "[t]he district court may dismiss a plaintiff's claims *sua sponte*—without requiring or permitting the plaintiff to amend—if it concludes that the claims are frivolous").

### III.   FACTUAL ALLEGATIONS

The Kellys' complaint appears to stem from Defendants' denial of their application for a new home loan, which the Kellys contend was due to their race. Compl. (Doc. 1) p. 5. In conclusory fashion, the Kellys assert that the bank's "income verification requirements were not required for the MAX Defendants [sic] white SSDI and SSI members." *Id.* at 6. They further claim that "the MAX Defendants have used the state's 1901 era Jim Crow CIMT and GMC banking and insurances [sic] rules to deny Black clients Banking and insurance contracts, even if it meant delaying the process, requesting excessive information, or using unfair or deceptive practices." *Id.* at 9. Seemingly unrelated to these allegations, the Kellys also assert that the "MAX Defendants were selling and sharing their highly sensitive PII and TRI data with the Big Data Giants like Meta and Google, and many other data thieves," and that had they known about this practice, they "never would have requested a new home loan from the Max Defendants." *Id.* They also claim that Defendants "extorted funds for enterprise debt collectors of more $30k [sic] in funds from [their] MAX Joint banking account" and that "in a due process hearing the MAX Defendant and the MAX Defendant banking employees would have quickly

5

discovered that the Plaintiff, Annette B, [sic] Kelly, 'NEVER DID' [sic]. . . negotiate with or take kickbacks from Enterprise members and participants, A/C by Luquire. . ." *Id.* at 6-7.

## IV.    CLAIMS

Based on these allegations, the Kellys assert twenty-four claims including, *inter alia*, claims for race and disability discrimination and "a pattern of violation" of the Fair Housing Act and other laws; "Violations of Due Process Clause [sic];" "Violation of the INA Civil Rights Laws;" "The Use of Excess Proceeds from the Defendants Banking and Insurance Program Racketeering Activity toacquire [sic] an Interest in or to Establish a RICO Enterprise;" "Internal Revenue Code;" "Invasion of Privacy and Violations Under the Fourth Amendment;" "Webpages Being Internet Assessable;" and "a pattern of negligence." *Id*. at 10-70.

## V.    ANALYSIS

The Kellys' complaint is a shotgun pleading that falls well short of the federal pleading standards. Though the Kellys sprinkle legal jargon and reference statutes throughout the complaint, there are virtually no meaningful factual allegations contained in the seventy-two-page document. As best the undersigned can tell, the Kellys claim that Defendants denied them a home loan on account of race, disability, and other unlawful factors. Somehow related to the denial of a home loan, Defendants conspired with other entities, including A/C by Luquire, whom Annette Kelly has named in a different

6

complaint,[2] to wrongfully garnish $30,000 from their bank account. Compl. (Doc. 1) p. 6. And peppered throughout the complaint are references to unspecified wrongdoing by "the Max Defendants' grossly negligent and white pyscho, wacko, and sicko employees" that do not clearly relate to anything. *Id.* at 60. These and other nonsensical, vague, conclusory, and irrelevant allegations cause the Kellys' complaint to fall squarely within the second category of shotgun pleadings.

Additionally, the Kellys' complaint falls within the fourth category of shotgun pleadings because it alleges multiple claims against all Defendants without specifying how each Defendant's conduct is illegal. The Kellys bring each of the twenty-four counts against all Defendants without explaining how each individual Defendant is liable under each count. Compl. (Doc. 1.) pp. 10-70. Notably, the Kellys do not allege any specific wrongdoing by any individual defendant and instead refer throughout the complaint to the "MAX Defendants" and an unspecified group of "Enterprise members" that are not enumerated in the case caption or elsewhere in the complaint. *See id.* For each Defendant and others named in the complaint, the Kellys generally allege harm without indicating how any Defendant's individual acts or omissions form the basis of any claim. And because the complaint does not allege any well-pleaded facts that could shed light upon the factual basis for the Kellys' twenty-four claims, Defendants are unable to defend themselves against the Kellys' conclusory and vague allegations.

---

[2] *See Kelly v. Alfa Mut. Ins.*, 2:24-cv-701-MHT-SMD.

7

Therefore, for these reasons, the Kellys' complaint is a shotgun pleading that should be dismissed by this Court *sua sponte*.

## VI. OPPORTUNITY TO AMEND

The Kellys are frequent litigants in this Court. In the 2024 calendar year alone, this Court was subjected to seven other cases filed by Gregory Kelly (some of which were removed from state court) against approximately seventy-five defendants.[3] None of these actions have been deemed meritorious and all have been dismissed because Gregory Kelly has exclusively filed shotgun pleadings that fail to state any claims.[4] In most of these cases, Gregory Kelly has been afforded an opportunity to amend.[5] However, despite this opportunity, Gregory Kelly has either been unable or has chosen not to comply with this Court's orders instructing amendment and has continued to file the same or similar

---

[3] *See Kelly v. Montgomery Hous. Auth.*, 2:24-cv-166-MHT-JTA (10 defendants); *Kelly v. Montgomery Real Est. Buyers, LLC*, 2:24-cv-297-RAH-KFP (3 defendants); *Kelly v. Ala. Dep't of Rehab. Servs.*, 2:24-cv-343-ECM-SMD (12 defendants); *Kelly v. Montgomery Water Works & Sanitary Sewer Bd.*, 2:24-cv-348-RAH-JTA (12 defendants); *Kelly v. Montgomery Cnty. & City Bd.*, 2:24-cv-362-ECM-KFP (10 defendants); *Kelly v. Elite Roofing, LLC*, 2:24-cv-388-MHT-JTA (4 defendants); *Kelly v. Ala. Alcohol Control Bd.*, 2:24-cv-575-ECM-CWB (25 defendants); *Kelly v. Montgomery Reg'l Airport*, 2:24-cv-266-RAH-SMD (12 defendants).

[4] *See Kelly v. Montgomery Hous. Auth.*, 2:24-cv-166-MHT-JTA (dismissed); *Kelly v. Montgomery Real Est. Buyers, LLC*, 2:24-cv-297-RAH-KFP (dismissed); *Kelly v. Ala. Dep't of Rehab. Servs.*, 2:24-cv-343-ECM-SMD (dismissed); *Kelly v. Montgomery Water Works & Sanitary Sewer Bd.*, 2:24-cv-348-RAH-JTA dismissed); *Kelly v. Montgomery Cnty. & City Bd.*, 2:24-cv-362-ECM-KFP (dismissed); *Kelly v. Elite Roofing, LLC*, 2:24-cv-388-MHT-JTA (dismissed); *Kelly v. Ala. Alcohol Control Bd.*, 2:24-cv-575-ECM-CWB (dismissed); *Kelly v. Montgomery Reg'l Airport*, 2:24-cv-266-RAH-SMD (dismissed).

[5] *See Kelly v. Montgomery Hous. Auth.*, 2:24-cv-166-MHT-JTA, Recommendation (Doc. 23); *Kelly v. Montgomery Real Est. Buyers, LLC*, 2:24-cv-297-RAH-KFP, Order (Doc. 16); *Kelly v. Ala. Dep't of Rehab. Servs.*, 2:24-cv-343-ECM-SMD, Orders (Docs. 20, 31); *Kelly v. Montgomery Cnty. & City Bd.*, 2:24-cv-362-ECM-KFP, Order (Doc. 37); *Kelly v. Elite Roofing, LLC*, 2:24-cv-388-MHT-JTA, Order (Doc. 31); *Kelly v. Ala. Alcohol Control Bd.*, 2:24-cv-575-ECM-CWB, Order (Doc. 45).

nonsense that does not comply with the Federal Rules of Civil Procedure.[6] Similarly, the Alabama state courts have enjoined Gregory Kelly from making further frivolous filings in that forum, citing similar deficiencies to those described in this recommendation, the fact that he has filed thirteen suits since the beginning of 2024, and his statements at a hearing to the effect that "he has no intent to stop filing frivolous lawsuits." *Kelly v. Ala. Dep't of Rehab. Servs.*, 2:24-cv-343-ECM-SMD, Exh. (Doc. 45-1) (citing *Kelly v. Ala. Dept. of Ins.*, CV-2025-000121.00, Doc. 124 (Cir. Ct. Montgomery Cnty., Ala. Apr. 23, 2025)). Meanwhile, Annette Kelly has filed one other complaint in this Court besides the instant case. While that case remains pending before the undersigned, it too is a quintessential shotgun pleading. As such, there is no indication that the Kellys, if afforded an opportunity to amend here, would suddenly comply with the Federal Rules of Civil Procedure or this Court's directives.

But more importantly, the Kellys' complaint is frivolous, thus making amendment futile. While courts typically provide at least one opportunity for a pro se plaintiff to amend his complaint prior to dismissal, a court may dismiss a complaint without opportunity to amend if it finds that amendment is futile. *See Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one

---

[6] *See Kelly v. Montgomery Hous. Auth.*, 2:24-cv-166-MHT-JTA (dismissed under FRCP 41(b) for failure to comply with the Federal Rules of Civil Procedure and this Court's orders); *Kelly v. Montgomery Real Est. Buyers, LLC*, 2:24-cv-297-RAH-KFP (dismissed under Rule 12); *Kelly v. Ala. Dep't of Rehab. Servs.*, 2:24-cv-343-ECM-SMD (dismissed as a shotgun pleading); *Kelly v. Montgomery Water Works & Sanitary Sewer Bd.*, 2:24-cv-348-RAH-JTA (dismissed under Rule 8); *Kelly v. Montgomery Cnty. & City Bd.*, 2:24-cv-362-ECM-KFP (dismissed under Rule 8); *Kelly v. Elite Roofing, LLC*, 2:24-cv-388-MHT-JTA (dismissed for failure to comply with federal pleading standard); *Kelly v. Ala. Alcohol Control Bd.*, 2:24-cv-575-ECM-CWB (dismissed for failing to follow court orders and as a shotgun pleading).

opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile."); *see also Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (affirming *sua sponte* dismissal without leave to amend of a frivolous complaint). Here, allowing the Kellys to amend would simply waste additional judicial resources because there are simply no factual allegations in the complaint that support relief under federal or state law. The Kellys have repeatedly used the legal system as their playground to air grievances that have no basis in law or reality, and this Court has spent an inordinate amount of time addressing these meritless claims. This latest iteration of their grievances is no different, and once again consists of random and baseless accusations pleaded in conclusory terms without any factual support. Accordingly, because the Kellys allege no facts in the complaint that could support relief under any law, amendment is futile. Accordingly, the undersigned recommends that the Kellys not be afforded an opportunity to amend their complaint prior to its dismissal.[7]

## VII.   CONCLUSION

Because the Kellys' complaint is a nonsensical, frivolous shotgun pleading that amendment cannot cure, it is the

---

[7] While allowing amendment in this case is futile, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation of dismissal. The Kellys will be permitted to file objections to the findings set forth in this Recommendation, and thus they are afforded the requisite opportunity to be heard about the deficiencies of their complaint prior to any dismissal of the complaint.

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that the Kellys' complaint be DISMISSED without opportunity to amend and that the pending motion for summary judgment (Doc. 10) be DENIED as MOOT. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before July 10, 2025**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 26th day of June, 2025.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE